IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDY DOROFY <br><br> and <br><br> ANGELA BONETT, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, INC., <br><br> Defendant. | CIVIL ACTION <br><br><br> No. _____ <br><br><br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Sandy Dorofy and Angela Bonett ("Plaintiffs"), by their undersigned attorneys, make the following allegations concerning their acts and status upon actual knowledge, and concerning all other matters upon information, belief, and the investigation of their counsel:

### INTRODUCTION

1. This is a collective action for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiffs bring this collective action on their own behalf and on behalf of a nationwide group (the "Group") of similarly-situated persons employed by American International Group, Inc., ("Defendant") between January 1, 2002 and the present (the "Relevant Period").

3. Plaintiffs bring this action to remedy Defendant's scheme to classify a large number of overtime-eligible employees as exempt from federal overtime pay requirements solely to limit its payroll costs and increase its revenues.

4. As redress for Defendant's willful denial of overtime pay, Plaintiffs seek permanent injunctive relief, compensatory damages, liquidated damages, prejudgment interest, attorneys' fees, and case costs.

## JURISDICTION AND VENUE

5. The Court has personal jurisdiction over this lawsuit because Defendant has sufficient contacts with this state and judicial district to permit the exercise of jurisdiction in compliance with traditional notions of fair play and substantial justice as set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

6. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims under the FLSA.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth here occurred in and near this judicial district.

## PARTIES

8. Plaintiff Sandy Dorofy ("Dorofy") is a citizen of the State of New Jersey who resides in Camden County at 18 Trinity Lane, Blackwood, NJ. Throughout the Relevant Period, Plaintiff Dorofy worked in Defendant's office located in Burlington County at 1000 Midlantic Drive, Suite 110, Mt. Laurel, NJ.

9. Plaintiff Angela Bonett ("Bonett") is a citizen of the State of New Jersey who resides in Burlington County at 4 Deer Crest Drive, Shamong, NJ. Throughout the Relevant Period, Plaintiff Bonett worked in Defendant's office located in Burlington County at 1000 Midlantic Drive, Suite 110, Mt. Laurel, NJ.

10. Defendant American International Group, Inc. is a Delaware corporation with its headquarters located at 70 Pine Street, New York, NY. Defendant is in the business of selling insurance policies and other financial services to consumers in New Jersey. To this end, Defendant operates offices in New Jersey, has employees who work and reside in New Jersey, and has thousands of clients in New Jersey.

## FACTUAL BACKGROUND

11. The FLSA requires employers to pay all non-executive, non-administrative, or non-professional employees at least one-and-one-half times their regular rate of pay for each hour of working time in excess of forty hours in any workweek.

### Plaintiff Dorofy

12. From 2001 to 2005, Plaintiff Dorofy worked as a Bodily Injury Adjuster for Defendant.

13. From 2005 to the present, Plaintiff Dorofy has worked as a Senior Extended Claim Handling Representative for Defendant.

14. Throughout the Relevant Period, Plaintiff Dorofy's primary tasks did not require her to receive or possess any specialized education, intellectual instruction, advanced knowledge, skill, or training.

3

15. Throughout the Relevant Period, Plaintiff Dorofy spent 90% of her time collecting information and performing basic clerical tasks related to the disposition of insurance claims.

16. Throughout the Relevant Period, Plaintiff Dorofy's primary tasks did not require her to employ any particular invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

17. Throughout the Relevant Period, Plaintiff Dorofy's primary tasks did not include the exercise of discretion and independent judgment with respect to matters of significance.

18. Throughout the Relevant Period, Plaintiff Dorofy was constantly scrutinized by supervisors who assigned her work she was required to complete, gave her directions she was required to follow, and deprived her of any significant discretion or independent judgment concerning her primary tasks.

19. Throughout the Relevant Period, Plaintiff Dorofy was regularly required to report to her supervisors and obtain their approval before completing work related to her primary tasks.

20. Throughout the Relevant Period, Plaintiff Dorofy was required to maintain a daily diary of her activities that was regularly reviewed by her supervisors.

21. Throughout the Relevant Period, Plaintiff Dorofy was unable to issue or sign a check in any amount, and thus could not issue payment for any of the insurance claims assigned to her, without first receiving authorization from her supervisors.

22. Throughout the Relevant Period, Plaintiff Dorofy was regularly assigned a volume of work that could not be completed within a forty-hour workweek.

4

23. To complete her assigned work, avoid censure from her supervisors and keep her job, Plaintiff Dorofy routinely worked more than forty hours each workweek.

**Plaintiff Bonett**

24. From 2001 to 2005, Plaintiff Bonett worked as a Bodily Injury Adjuster for Defendant.

25. From 2005 to the present, Plaintiff Bonett has worked as a Senior Extended Claim Handling Representative for Defendant.

26. Throughout the Relevant Period, Plaintiff Bonett's primary tasks did not require her to receive or possess any specialized education, intellectual instruction, advanced knowledge, skill, or training.

27. Throughout the Relevant Period, Plaintiff Bonett spent 90% of her time collecting information and performing basic clerical tasks related to the disposition of insurance claims.

28. Throughout the Relevant Period, Plaintiff Bonett's primary tasks did not require her to employ any particular invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

29. Throughout the Relevant Period, Plaintiff Bonett's primary tasks did not include the exercise of discretion and independent judgment with respect to matters of significance.

30. Throughout the Relevant Period, Plaintiff Bonett was constantly scrutinized by supervisors who assigned her work she was required to complete, gave her directions she was required to follow, and deprived her of any significant discretion or independent judgment concerning her primary tasks.

5

31. Throughout the Relevant Period, Plaintiff Bonett was regularly required to report to her supervisors and obtain their approval before completing work related to her primary tasks.

32. Throughout the Relevant Period, Plaintiff Bonett was required to maintain a daily diary of her activities that was regularly reviewed by her supervisors.

33. Throughout the Relevant Period, Plaintiff Bonett was unable to issue or sign a check in any amount, and thus could not issue payment for any of the insurance claims assigned to her, without first receiving authorization from her supervisors.

34. Throughout the Relevant Period, Plaintiff Bonett was regularly assigned a volume of work that could not be completed within a forty-hour workweek.

35. To complete her assigned work, avoid censure from her supervisors and keep her job, Plaintiff Bonett routinely worked more than forty hours each workweek.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring this collective action pursuant to 29 U.S.C. § 216(b) on behalf of the Group described as:

> All persons who, between January 1, 2002 and the present, worked for Defendant in one or more of the following positions: Claim Representative EHU, Claim Representative EHU Senior, EHU, EHU Litigation Representative, EHU Senior, EHU Tech, Extended Handler, Extended Handling Unit, Litigation Adjuster, Litigation Claim Representative, Litigation Specialist, Representative Claims EHU Senior, Senior Claims Adjuster, Senior Claim Representative, Senior EH Representative or Senior Litigation Specialist.

37. The Group presently includes approximately 200 employees in twenty-six states. The number of persons in the Group during the entire Relevant Period is expected to be proportionately larger.

38. The Group is similarly situated to Plaintiffs, because they:

6

a. Routinely worked more than forty hours in a given workweek to complete their assigned tasks;

b. Spent the majority of their workweek on non-exempt clerical tasks;

c. Held jobs that did not require any specialized education or intellectual instruction;

d. Held jobs that did not require any advanced knowledge, skill, or training;

e. Held jobs that did not require them to employ any particular artistic or creative invention, imagination, originality, or talent;

f. Held jobs that did not require them to exercise discretion or independent judgment with respect to matters of significance;

g. Held jobs that did not require them to manage other employees or possess any management skills;

h. Were not *bona fide* executive, administrative, or professional employees;

i. Were willfully and illegally classified by Defendant as exempt from FLSA overtime pay requirements; and

j. Were willfully and illegally denied overtime pay by Defendant in workweeks where they worked more than forty hours.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

7

40. Plaintiffs and the Group are "employees" as that term is defined in 29 U.S.C. § 203(e)(1).

41. Defendant is an "employer" as that term is defined in 29 U.S.C. § 203(d).

42. Throughout the Relevant Period, Defendant, Plaintiffs, and the Group were engaged in an "enterprise" as that term is defined in 29 U.S.C. § 203(r)(1), an "enterprise engaged in commerce" as that term is defined in 29 U.S.C. § 203(s)(1) and "interstate commerce" as that term is employed in 29 U.S.C. § 207(a)(1).

43. Throughout the Relevant Period, Defendant routinely employed Plaintiffs and the Group for workweeks longer than forty hours without compensating them for any overtime hours worked at a rate one-and-one-half times their regular rate of pay in violation of 29 U.S.C. § 207(a)(1).

44. Throughout the Relevant Period, Defendant willfully and uniformly treated Plaintiffs and the Group as exempt from the FLSA's overtime pay requirements despite knowing that they were not *bona fide* executive, administrative, or professional employees exempted by 29 U.S.C. § 213(a) because, at a minimum:

    a. Their primary tasks did not require any specialized education, intellectual instruction, advanced knowledge, skill, or training;

    b. Their primary tasks did not require any particular invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor; and

    c. Their primary tasks did not include the exercise of discretion and independent judgment with respect to matters of significance.

45. Defendant's failure to compensate Plaintiffs and the Group for the overtime hours they worked constitutes a continuing violation of 29 U.S.C. § 207 and an illegal activity under 29 U.S.C. § 215.

WHEREFORE, Plaintiffs respectfully pray for the following relief:

a. Entry of an order certifying Plaintiffs' FLSA claim as a collective action and appointing Plaintiffs' Counsel as collective action counsel;

b. Entry of an order requiring Defendant to provide discovery that will enable Plaintiffs' Counsel to disseminate notice of this action to the Group and invite their participation;

c. Entry of a judgment in favor of Plaintiffs and the Group;

d. Entry of an order enjoining Defendant from withholding overtime pay from Plaintiffs and the Group in the future because of a determination that they are exempt from FLSA overtime requirements;

e. Entry of an Order awarding Plaintiffs and the Group compensatory damages for all unpaid overtime wages owed by Defendants;

f. Entry of an order awarding Plaintiffs and the Group an equivalent amount of liquidated damages;

g. Entry of an Order awarding Plaintiffs and the Group prejudgment interest on all unpaid overtime wages owed by Defendants;

h. Entry of an order requiring Defendant to reimburse Plaintiffs and the Group for their attorneys' fees and litigation costs;

    i.    Entry of an order awarding Plaintiffs and the Group any further legal or equitable relief the Court deems necessary, just, and proper; and

    j.    Entry of an order maintaining jurisdiction over this action after judgment or verdict to ensure Defendant's compliance with the foregoing.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted,

Dated: September 7, 2007

    s/ David J. Cohen
David J. Cohen, Esquire
Simon B. Paris, Esquire
Patrick Howard, Esquire
Saltz Mongeluzzi Barrett & Bendesky, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282

Traci M. Greenberg, Esquire
Sidney L. Gold & Associates, P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999

Attorneys for Plaintiffs

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.

DATE: 9/6/07

_Sandy Dorofy_
SANDY DOROFY, PLAINTIFF

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.

DATE: 9/6/07

_____
ANGELA BONETT, PLAINTIFF